UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:15-CV-00025-JHM

JOE MICHAEL IRVIN, LARRY E.
ROGERS, SCOTT HAMMOND,
SAMUEL J. TARTER, JAMIE ROGERS,
DAVID F. SMITH, ROSE TARTER,
JOEY HOOVER, and CARLA GRIDER                                    PLAINTIFFS

V.

JAMES S. FALLER, II                                             DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant James S. Faller, II, to withdraw reference of this adversary proceeding from the bankruptcy court pursuant to 28 U.S.C. § 157(d) [DN 1]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion to Withdraw Reference is **DENIED**.

### I. BACKGROUND

Prepetition, Plaintiffs filed defamation and abuse of process claims against Defendant, James S. Faller, II, in Russell Circuit Court.[1] The cases were consolidated and tried before a jury on November 5, 2013. Plaintiffs obtained jury awards of both compensatory and punitive damages against Defendant. Shortly thereafter, and prior to the state court entering final judgment on those jury awards, Defendant filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code on November 20, 2013. Pursuant to 11 U.S.C. § 362(a), the filing of Defendant's bankruptcy petition stayed the state court proceedings against him.

---

[1] Plaintiffs Joe Michael Irvin, Larry E. Rogers, Scott Hammond, and Samuel J. Tarter filed a defamation claim against Defendant in Russell Circuit Court, Case No. 08-CI-00500. Plaintiffs Irvin, Rogers, Hammond, Tarter, Jamie Rogers, David F. Smith, Rose Tarter, Joey Hoover, and Carla Grider filed an abuse of process claim against Defendant in Russell Circuit Court, Case No. 09-CI-00444.

Plaintiffs initiated this adversary proceeding on February 7, 2014, seeking determination that the judgments awarded by the jury in state court are non-dischargeable under 11 U.S.C. § 523(a)(6) for "willful and malicious injury."[2]

## II. APPLICABLE LAW

Federal district courts have jurisdiction over bankruptcy actions under 28 U.S.C. § 1334. See 28 U.S.C. § 1334(a) (granting jurisdiction over "all cases under title 11," i.e., the bankruptcy petition itself), (b) (granting jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11"). Section 157(a) provides a referral process, under which the district court may provide that "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). The Western District of Kentucky, by Local Rule 83.12, has provided for such reference to the Bankruptcy Court. See LR 83.12.

Section 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on *timely* motion of any party, *for cause* shown." 28 U.S.C. § 157(d) (emphasis added).[3] Thus, a court may grant a party's motion for discretionary withdrawal of reference if (1) the motion was "timely," and (2) the movant has shown "cause." Id. Withdrawal of the reference is the exception to the general rule that bankruptcy matters should be adjudicated in bankruptcy court. Official Comm. of Unsecured Creditors of Appalachian Fuels, LLC v. Energy Coal Res., Inc. (In re Appalachian Fuels, LLC), 472 B.R. 731, 748 (E.D. Ky. 2012).

---

[2] Section 523 of the Bankruptcy Code excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

[3] This type of withdrawal is called discretionary, or permissive, withdrawal. Section 157(d) also provides for mandatory withdrawal under certain circumstances. Defendant does not argue that mandatory withdrawal is applicable.

### III. DISCUSSION

Defendant seeks for this Court to withdraw reference of this adversary proceeding from the Bankruptcy Court pursuant to 28 U.S.C. § 157(d).  Plaintiffs contend the Court should deny Defendant's Motion to Withdraw Reference because (1) the motion was not timely filed and (2) Defendant has not shown cause to warrant withdrawal of the reference.  Defendant contends that this Court is a more appropriate forum for the adversary proceeding to be tried because (1) the circumstances underlying the alleged debts that Plaintiffs seek to have declared non-dischargeable are non-core matters and (2) Defendant intends to seek relief from the automatic stay to challenge the jury verdicts in the state court actions and seek a temporary stay of this adversary proceeding for the duration of his challenge to those verdicts.  Defendant does not address the issue of timeliness in his motion.

### A.  Timeliness of the Motion

The threshold question in evaluating a motion to withdraw the reference under § 157(d) is whether Defendant's motion—filed almost a full year after Plaintiffs commenced this adversary proceeding—is timely.  See Davis v. Mahlmann (In re Mahlmann), 149 B.R. 866, 869 (N.D. Ill. 1993).  The statute does not define "timely."  Courts, however, have generally defined timely as "as soon as possible after the moving party is aware of grounds for withdrawal of reference" or "at the first reasonable opportunity after the moving party is aware of grounds for withdrawal of reference."  In re Black Diamond Min. Co., LLC, No. CIV.A. 10-84-KKC, 2010 WL 5173271, at *1 (E.D. Ky. Dec. 14, 2010) (quoting In re Mahlmann, 149 B.R. at 869).  "The reason for the timeliness requirement is to prevent parties from forum shopping, stalling, or otherwise engaging in obstructionist tactics."  Id. (quoting In re Mahlmann, 149 B.R. at 869); see also Boyajian v. DeFusco (In re Giorgio), 50 B.R. 327, 328–29 (D.R.I. 1985) ("The fair intendment of the statute

in question is to insure that the request for withdrawal be filed as soon as practicable after [the movant becomes aware of the grounds for withdrawal], so as to protect the court and the parties in interest from useless costs and disarrangement of the calendar, and to prevent unnecessary delay and the use of stalling tactics."). The moving party bears the burden of demonstrating the timeliness of its motion. See United States v. Kaplan, 146 B.R. 500, 503 (D. Mass. 1992).

Plaintiffs initiated this adversary proceeding in the bankruptcy court on February 7, 2014. Defendant filed this motion to withdraw the reference in this Court nearly a year later, on January 21, 2015. In the interim, the parties have filed various motions with the bankruptcy court, including a Motion for Summary Judgment filed by Plaintiffs on September 24, 2014, seeking summary judgment on the issue of dischargeability of the debt under 11 U.S.C. § 523(a)(6) based on the state court actions and collateral estoppel. After two agreed motions to extend the time for Defendant to file a response, Defendant responded to that motion on November 7, 2014. Over one month later, on December 17, 2014, Defendant filed a motion for oral argument on the summary judgment motion. The bankruptcy court granted the motion for oral argument the next day and oral argument was set for January 22, 2015.

Defendant does not address the issue of timeliness in his motion. Plaintiffs contend the motion is not timely because of the great length of time between the commencement of the adversary proceeding and the present motion, Plaintiffs' Motion for Summary Judgment, the active involvement of Defendant in the action, and no change has been made to their Complaint since filing. Plaintiffs further contend that the timing of Defendant's Motion to Withdraw, filed the day before oral arguments on Plaintiffs' summary judgment motion, indicates Defendant is using the withdrawal motion for the purpose of forum shopping, stalling, and engaging in obstructionist tactics. In re Black Diamond, 2010 WL 5173271, at *1.

The alleged grounds upon which Defendant seeks withdrawal—the circumstances underlying the debt—were at all times evident from the face of Plaintiffs' adversary proceeding complaint. Thus, Defendant was put on notice concerning the alleged grounds for withdrawal as soon as Plaintiffs filed the action on February 7, 2014, almost a full year prior to Defendant's Motion to Withdraw Reference on January 21, 2015. The Court also notes that Defendant waited to file this motion until the day before oral arguments—oral arguments which Defendant requested—on Plaintiffs' Motion for Summary Judgment. Evidence of forum shopping is a factor courts consider in denying a motion to withdraw the reference. E.g., In re Mahlmann, 149 B.R. at 870 (motion filed after bankruptcy judge set briefing schedule on motion to dismiss); In re Giorgio, 50 B.R. at 329 (motion filed after bankruptcy court set an early trial date). The Court finds that Defendant did not act "as soon as practicable . . . so as to protect the court and the parties in interest from useless costs and disarrangement of the calendar, and to prevent unnecessary delay." In re Giorgio, 50 B.R. at 328–29. In light of all the circumstances, the Court concludes Defendant's Motion to Withdraw Reference is not timely.

### B.  Cause to Withdraw Reference

The Court also finds that Defendant has not shown cause for withdrawal of the reference. District courts have discretion to withdraw "in whole or in part, any case or proceeding" referred to the bankruptcy court "for cause shown."  28 U.S.C. § 157(d); Sergent v. McKinstry, 472 B.R. 387, 404 (E.D. Ky. 2012).  As the moving party, Defendant has the burden of showing cause. See id. at 405. The statute does not define "cause"; however, courts have identified a number of factors a court should consider and balance when deciding whether the requisite cause exists. These factors include: (1) whether the matter is core or non-core; (2) whether the right to a jury trial exists; (3) promoting judicial economy; (4) promoting uniformity in bankruptcy

administration; (5) reducing forum shopping and confusion; (6) conserving the creditor's and debtor's resources; and (7) expediting the bankruptcy process.  See, e.g., Steed v. Knox Forex Group, LLC (In re Rivas), No. 1:09-CV-176, 2009 WL 2929424, at *2 (E.D. Tenn. Sept. 8, 2009); Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1101 (2d Cir. 1993); Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985); Big Rivers Elec. Corp. v. Green River Coal Co., 182 B.R. 751, 754 (W.D. Ky. 1995). Defendant argues that the Court should grant his Motion to Withdraw Reference because (1) the facts underlying this matter are non-core; (2) he is entitled to a jury trial; and (3) withdrawal will foster the most economical use of the parties' resources.  The Court addresses each of these factors in turn.

### 1.  *Core v. Non-Core Proceeding*

Absent consent of the parties as provided in 28 U.S.C. § 157(c)(2), a bankruptcy court's power to hear and determine cases referred to it by the district court is limited to "all cases under title 11 and *all core proceedings arising under title 11, or arising in a case under title 11*."  28 U.S.C. § 157(b)(1) (emphasis added).  Interpreting § 157, the Fifth Circuit has held "that a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."  Wood v. Wood (In re Wood), 825 F.2d 90, 97 (5th Cir. 1987); see Mich. Emp't Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.), 930 F.2d 1132, 1144 (6th Cir. 1991) (internal citation omitted) ("The phrase 'arising under title 11' describes those proceedings that involve a cause of action created or determined by a statutory provision of title 11, and 'arising in' proceedings are those that, by their very nature, could arise only in bankruptcy cases.").  Conversely, "[i]f the proceeding does not invoke a substantive right created by the federal

bankruptcy law and is one that could exist outside of bankruptcy[, then] it is not a core proceeding; it may be *related* to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an 'otherwise related' or non-core proceeding." In re Wood, 825 F.2d at 97; In re Wolverine, 930 F.2d at 1144.   Further, "a determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3).  Under 28 U.S.C. § 157(b)(2), which provides a non-exhaustive list of core proceedings, "determinations as to the dischargeability of particular debts" are core proceedings.  28 U.S.C. § 157(b)(2)(I).

Plaintiffs contend that the adversary proceeding under 11 U.S.C. § 523(a)(6), which excepts from discharge debts for "willful and malicious injury," is core under the plain language of the 28 U.S.C. § 157(b)(2)(I) and relevant case law. See, e.g., Barnett v. Rich (In re Rich), 401 B.R. 281, 284, 286 (Bankr. S.D. Ohio 2009) (determination of dischargeability of a debt under § 523(a)(6) for state tort defamation claim was core proceeding); Call Fed. Credit Union v. Sweeney (In re Sweeney), 264 B.R. 866, 869–70 (Bankr. W.D. Ky. 2001) (determination of dischargeability of a debt under § 523(a)(6) based on state tort of conversion was core proceeding).  Relying on Beerman-Pearl Holdings, Inc. v. Carson Pirie Scott & Co. (In re Elder-Beerman Stores Corp.), No. 95-33643, 1997 WL 1774875 (S.D. Ohio Aug. 1, 1997), Defendant argues that this Court should withdraw the reference because the facts underlying this proceeding are non-core issues, i.e., that Plaintiffs' underlying defamation and abuse of process claims do not arise in or arise under federal bankruptcy law.

In In re Elder-Beerman, the debtor filed an adversary proceeding alleging the defendant had violated confidentiality agreements.  Id. at *1.  In granting the defendant's motion for withdrawal of the reference, the court concluded that the adversary proceeding was non-core,

"given that the adversary proceeding is nothing more than a garden variety state law, breach of contract action." Id. at *4. The adversary proceeding in In re Elder-Beerman, just like the proceeding before the Fifth Circuit in In re Wood, was not based on any right created by federal bankruptcy law and was not a proceeding that could arise only in the context of a bankruptcy; instead, "[i]t [was] simply a state contract action that, had there been no bankruptcy, could have proceeded in state court," In re Wood, 825 F.2d at 97.

Unlike those adversary proceedings, the adversary proceeding filed by Plaintiffs here—to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(6)—is one that could arise only in the context of a bankruptcy case. While Plaintiffs' underlying claims of defamation and abuse of process are determined under state law, the issue of dischargeability presented by the adversary proceeding is a matter of federal bankruptcy law. See In re Sweeney, 264 B.R. at 869–70 (citing Grogan v. Garner, 498 U.S. 279, 284 (1991)) ("Whether the underlying claim amounts to conversion is determined under state law, but whether the debt is excepted from discharge is a matter of federal bankruptcy law."). Accordingly, the Court finds this is a core proceeding.

### 2. *Jury Trial Right*

Also relevant to the cause determination is whether Defendant is entitled to a jury trial. In re Appalachian Fuels, 472 B.R. at 746. Under the Seventh Amendment of the United States Constitution, the right to a jury trial "shall be preserved" in "Suits at common law." U.S. Const. art. VII. A litigant is entitled to a jury trial only on issues that resolve legal rights rather than equitable ones. See Golden v. Kelsey-Hayes Co., 73 F.3d 648, 659 (6th Cir. 1996). Whether an action involves legal or equitable rights, in turn, depends upon a two-part inquiry into the nature of the cause of action and the nature of the remedy sought (the "Granfinanciera test"). See Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989). The Court must (1) compare the

nature of the claim to "18th-century actions brought in the courts of England prior to the merger of the courts of law and equity," and (2) evaluate "the remedy sought and determine whether it is legal or equitable in nature."  Id. (quoting Tull v. United States, 481 U.S. 412, 417–18 (1987)). The second inquiry is "more important" than the first.  Id.

Defendant contends that he has a right to a jury trial because Plaintiffs' claims are non-core claims that seek legal remedies and because he has not consented to allowing the bankruptcy court to issue a final ruling on Plaintiffs' claims.  Plaintiffs contend that Defendant does not have a right to a jury trial to determine the dischargeability of the debts at issue because determinations of discharge, in addition to being core proceedings, are equitable proceedings, see N.I.S. Corp. v. Hallahan (In re Hallahan), 936 F.2d 1496, 1505 (7th Cir. 1991), and, even if they were legal in nature, because Defendant voluntarily filed for bankruptcy, see id.; Longo v. McLaren (In re McLaren), 3 F.3d 958, 960–61 (6th Cir. 1993).

The question of whether a debtor has a Seventh Amendment right to a jury trial in a dischargeability proceeding was addressed by the Seventh Circuit in In re Hallahan, 936 F.2d 1496.  In that case, a Chapter 7 debtor demanded a jury trial as the defendant in an adversary proceeding to determine dischargeability under 11 U.S.C. § 523(a)(6).  The debtor argued that because the underlying breach of contract action was a "suit at common law," the Seventh Amendment preserved his right to a jury trial, regardless of the fact that the suit was being tried as part of an equitable bankruptcy proceeding.  In re Hallahan, 936 F.2d at 1499.  The Seventh Circuit held that the debtor had no right to a jury trial on the dischargeability claim, a conclusion supported by "[t]wo independent lines of reasoning."  Id. at 1505.

The court applied the two-part Granfinanciera test and first concluded "that a dischargeability proceeding is a type of equitable claim for which a party cannot obtain a jury

trial" and that the "relief sought is also equitable since the essence of a dischargeability claim is a declaration that the debt is indeed dischargeable or non-dischargeable." Id. at 1505. Here, just like the plaintiff in In re Hallahan, Plaintiffs filed this adversary proceeding in Defendant's Chapter 7 case to determine dischargeability under 11 U.S.C. § 523(a)(6). Determinations of dischargeability are equitable proceedings and Plaintiffs are seeking an equitable remedy. See In re Hallahan, 936 F.2d at 1505. Thus, Defendant has no right to a jury trial in the dischargeability proceeding.

The Seventh Circuit went on to state that "[e]ven if we were to assume that the dischargeability action was legal in nature, however, Hallahan cannot claim a right to jury trial because, as a Chapter 7 debtor, he voluntarily submitted his case to bankruptcy court." In re Hallahan, 936 F.2d at 1505. The court reasoned:

> The Supreme Court did not address the extent of the debtor's Seventh Amendment right to jury trial in bankruptcy court in Granfinanciera. However, if creditors "by presenting their claims * * * subject[ ] themselves to all the consequences that attach to an appearance," Granfinanciera, 492 U.S. at 59 n.14 [(quoting Alexander v. Hillman, 296 U.S. 222, 241 (1935))], thereby losing any jury trial right otherwise guaranteed by the Seventh Amendment, debtors who initially choose to invoke the bankruptcy court's jurisdiction to seek protection from their creditors cannot be endowed with any stronger right. A defendant or potential defendant to an action at law cannot initiate bankruptcy proceedings, thus forcing creditors to come to bankruptcy court to collect their claims, and simultaneously complain that the bankruptcy forum denies him or her a jury trial. See, e.g., In re Johnson, 110 B.R. 433 (Bankr. W.D. Mo. 1990) (debtor has no right to jury trial in adversary proceeding brought by bank to except debt from discharge as having been incurred by fraud); In re Edwards, 104 B.R. 890 (Bankr. E.D. Tenn. 1989) (same).

Id. (internal footnote omitted). The Sixth Circuit found this same inequity present in In re McLaren and, following the rationale of In re Hallahan, held that a debtor who "voluntarily files for bankruptcy and is a defendant in an adversary proceeding" loses any right to a jury trial that it may have had on certain claims. In re McLaren, 3 F.3d at 960–61. In In re McLaren, the debtor was a potential defendant in a lawsuit and voluntarily sought the protective shield of the

bankruptcy court.  Id.  After the debtor filed for bankruptcy, the would-be plaintiff was prevented by the automatic stay provisions of 11 U.S.C. § 362 from commencing or continuing any litigation outside of the bankruptcy case to recover its claim.  The plaintiff thus was forced to initiate a dischargeability proceeding in bankruptcy court, which stripped him of any right to a jury trial he might otherwise have claimed.  Id.  The debtor then tried to invoke his own jury trial right in the adversary proceeding.  Id. at 959.  But the Sixth Circuit held that the debtor lost any such right by voluntarily filing for bankruptcy.  Id. at 961.  To hold otherwise, the court reasoned, would unjustly permit debtors to run into bankruptcy court to "block their creditors' access to a jury trial without compromising their own ability to demand a jury in their preferred forum."  Id. (quoting In re Hallahan, 936 F.2d at 1506) (internal quotation mark omitted).

This case is distinguishable from In re Hallahan and In re McLaren only in that there has already been a jury trial on the underlying state defamation and abuse of process claims prior to Defendant filing bankruptcy.  Thus, Defendant's jury trial right on those underlying claims has already been satisfied.  This case is just like In re Hallahan and In re McLaren in that it presents a perfect example of the injustice that would result from granting a voluntary debtor who is a defendant in an adversary proceeding a right to jury trial on demand.  Accordingly, the Court finds that Defendant, who voluntarily filed for bankruptcy and is a defendant in this adversary proceeding, has no right to a jury trial to determine the dischargeability of his debts to Plaintiffs. See id.

### 3.  *Conservation of Parties' Resources*

Defendant also argues that withdrawal will be a more economical use of the parties' resources.  His argument is based solely on his contention that he is entitled to a jury trial.

Because the Court has found that Defendant is not entitled to a jury trial, the Court finds this argument also fails.

The Court concludes that Defendant has failed to show cause for this Court to grant discretionary withdrawal of the reference. The factors the Court examined based on Defendant's arguments weigh in favor of denying Defendant's motion. Furthermore, the Court finds that judicial economy, uniformity in bankruptcy administration, and reducing forum shopping all weigh in favor of denying Defendant's motion. Accordingly, the Court denies Defendant's motion because the motion was not timely and because Defendant failed to show cause for withdrawal.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant James S. Faller, II's Motion to Withdraw Reference [DN 1] is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

May 6, 2015

cc:     Counsel of Record

12